UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Donald Ray Sanderson,<br><br>Defendant. | Case No. 24-cr-233 (KMM/TNL)<br><br>**ORDER** |

Allen A. Slaughter, Jr., Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415 (for the Government); and

Kevin W. DeVore, DeVore Law Office, P.A., 724 Bielenberg Drive, Suite 110, Woodbury, Minnesota 55125 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Motion for Disclosure Brady Materials, ECF No. 36;

2. Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 37;

3. Defendant's Motion for Early Disclosure of Jencks Act Materials, ECF No. 38;

4. Defendant's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 39; and

5. Defendant's Motion for Government to Provide Grand Jury Testimony of Witnesses, ECF No. 40.

A hearing was held on March 14, 2025. ECF No. 58. Assistant United States Attorney Michael Patrick McBride appeared on behalf of the United States of America. Attorney Kevin W. DeVore, CJA, appeared on behalf of Defendant.

1

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Disclosure Brady Materials, ECF No. 36, is **GRANTED IN PART** and **DENIED IN PART**.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, Defendant requests that the Government disclose evidence favorable to him. ECF No. 36 at 1–3. The Government responds that it will fully comply with its discovery obligations under *Brady* and *Giglio*. Gov't's Consolidated Response to Def's Pretrial Mots. at 2, ECF No. 47.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an

incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 (DJS/TCM), 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's request is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

3

2. Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 37, is **GRANTED**.

Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation. ECF No. 37 at 1. The Government responds that it has instructed its officers and agents to retain their rough notes and all evidence gathered in connection with the investigation until final disposition of the charges against Defendant. ECF No. 47 at 2.

Defendant's request for the retention of rough notes is granted. To the extent it has not yet done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

3. Defendant's Motion for Early Disclosure of Jencks Act Materials, ECF No. 38, is **DENIED**.

Defendant seeks the disclosure of Jencks Act materials at least two weeks before trial. ECF No. 38 at 1–2. The Government objects to Court-ordered disclosure of Jencks Act materials but agrees to disclosure of Jencks Act materials three days prior to trial. ECF No. 47 at 2. On the record at the pretrial motions hearing, the Defendant clarified that he had no objection to disclosure three days before trial.

"The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks

4

material." *Id.* at 741 n. 2. The Government indicated that it would voluntarily provide any Jencks Act materials no later than three days before trial. The Court is denying Defendant's motion but certainly expects the Government to abide by its commitments, even when voluntarily extended.

4. Defendant's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 39, is **GRANTED**.

Defendant requests the disclosure of any Rule 404(b) evidence no later than two weeks prior to trial. ECF No. 39 at 1. In response, the Government stated that it would disclose any anticipated 404(b) evidence within three weeks of trial. ECF No. 47 at 3. At the motion hearing, the Government stated that it had no objection to disclosing anticipated 404(b) evidence no later than two weeks prior to trial.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (stating that a prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (stating that the notice must be in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir.

5

2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (stating that Rule 16 does not authorize the discovery of statements made by prospective government witnesses); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the Defendant's two-week proposal reasonable. As such, no later than two weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

5. Defendant's Motion for Government to Provide Grand Jury Testimony of Witnesses, ECF No. 40, is **DENIED**.

Defendant requests that the Government provide the Grand Jury testimony of any witnesses who will testify at the suppression hearing or trial. ECF No. 40 at 1. The Government responds that no suppression motions were filed, so no witnesses were called for a suppression hearing. ECF No. 47 at 3. The Government also stated that it is under no obligation to disclose its witnesses to Defendant prior to trial. *Id.*

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Defendant has not made any showing of particularized need for grand jury materials. Therefore, his request for disclosure of grand jury materials is denied except to the extent the Government is otherwise obligated to disclose such materials. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: April 11, 2025

*/s/ Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Sanderson*
Case No. 24-cr-233 (KMM/TNL)